**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORA THOMPSON, | : |
| Petitioner, | : Civil Action No. 18-1006 (ES) |
| v. | : MEMORANDUM OPINION |
| RON EDWARDS, | : |
| Respondent. | : |

It appearing that:

1. Petitioner Ora Thompson ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Jail in Kearney, New Jersey. On January 25, 2018, while she was detained at Hudson County Correctional Facility in Kearny, New Jersey, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her detention pending removal. (D.E. No. 1, Petition ("Pet.")).

2. Petitioner is a native and citizen of Dominica who entered the United States in 1991, with authorization to remain in the United States for a temporary period not to exceed February 7, 1992. (D.E. No. 7, Respondent's Answer ("Answer") at 14).[1]

3. On July 7, 2016, ICE took Petitioner into custody and served her with a Notice to Appear in removal proceedings, which charged that she is removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B), as "[a]n alien who remained in the United States for a time

---

[1] Page numbers reference ECF-generated page numbers.

longer than permitted." (Answer, Ex. A at 3). Petitioner was also charged as an alien with a conviction for an aggravated felony; specifically, illicit trafficking in a controlled substance, as defined at 8 U.S.C. § 1101(a)(43)(B); 8 U.S.C. § 1227(a)(2)(A)(ii); an alien with a conviction for a controlled substance offense pursuant to 8 U.S.C. 1227(a)(2)(B)(i); and as an alien with convictions for two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct pursuant to 8 U.S.C. § 1227(a)(2)(ii). (*Id.* at 3-4).

4. On August 10, 2016, an Immigration Judge ("IJ") held a master calendar hearing. (*Id.* at 4). At this hearing, Petitioner submitted an application for relief from removal. (*Id.*).

5. On October 4, 2016, a different IJ conducted a merits hearing in Petitioner's removal proceedings. (*See* Answer, Ex. D). Petitioner sought withholding of removal under Section 241(b)(2) of the Act and the Convention Against Torture, and in the alternative, deferral of removal under the Convention Against Torture. (*Id.* at 4). The IJ found that the Petitioner failed to establish that she would suffer torture at the hands of or at the acquiescence of the Dominica government as a result of her homosexuality as required under the Convention Against Torture. (*Id.*). The IJ denied Petitioner's requests for relief and ordered her returned to Dominica. (*Id.* at 13). Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA") and on February 26, 2017, the BIA dismissed the appeal. (*See* Answer, Ex. E at 2). On March 13, 2017, Petitioner filed an appeal of the BIA's dismissal with the Second Circuit. Civil Action No. 17-0726 (2d Cir. 2017). On May 9, 2017, a travel document was issued for Petitioner. (Answer, Ex. A at 4). On June 2, 2017, ICE held a post-order custody review and continued Petitioner's detention. (*Id.*). On September 28, 2017, the Second Circuit granted Petitioner's motion for stay of removal. (*Id.*). The appeal is currently pending.

6. On January 25, 2018, Petitioner filed the instant Petition for a Writ of Habeas Corpus in this Court. (*See* Pet.). She argues that her detention has been "excessive," she has a "likelihood of success in Second Circuit appeal," she has been "unable to have due process," and she has "not committed a violent crime." (*Id.* at 6-8). Petitioner requests that this Court "release [her] on an order of supervision." (*Id.* at 8).

7. Respondent acknowledges that Petitioner has been in immigration custody since July 2016, but argues that because she is detained pursuant to 8 U.S.C. § 1226(c), she is subject to lawful mandatory detention. (Answer at 17). More specifically, Respondent submits that Petitioner's conviction for an aggravated felony and other crimes qualifies as her the type of alien that the statute seeks to detain. (*Id.* at 21-23).

8. Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (i) the petitioner is "in custody," and (ii) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. The Court has subject matter jurisdiction over this Petitioner under § 2241, because Petitioner was detained within its jurisdiction by a custodian within its jurisdiction, at the time she filed her petition. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-95, 500 (1973).

10. In 2018, the United States Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), held that the Ninth Circuit Court of Appeals erred by interpreting an implicit six-month

limitation on detention pursuant to § 1226(c) absent a bail hearing. *Jennings* essentially abrogated the Third Circuit Court of Appeals' decisions in *Diop v. ICE/Homeland Security*, 656 F.3d 221, 231-35 (3d Cir. 2011); *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), which read implicit time limitations into statutes such as § 1226(c). The *Jennings* Court explained,

> [Section] 1226 applies to aliens already present in the United States. Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings. Section 1226(a) also permits the Attorney General to release those aliens on bond, "[e]xcept as provided in [§ 1226 (c)]." Section 1226(c) states that the Attorney General "shall take into custody any alien" who falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(c)(1). Section 1226(c) then goes on to specify that the Attorney General "may release" one of those aliens "*only if* the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk. § 1226(c)(2) (emphasis added).
> 
> [Section] 1226(c) does not on its face limit the length of the detention it authorizes. In fact, by allowing aliens to be released "only if" the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those recognized by the statute. And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue "pending a decision on whether the alien is to be removed from the United States." § 1226(a) . . . .
> 
> [T]he Court of Appeals held [] that § 1226(c) should be interpreted to include an implicit . . . time limit on the length of mandatory detention . . . . [T]hat interpretation falls far short of a plausible statutory construction.
> 
> In defense of th[is] statutory reading, respondents first argue that § 1226(c)'s "silence" as to the length of detention "cannot be construed to authorize prolonged mandatory detention, because Congress must use 'clearer terms' to authorize 'long-term

> detention.' " .... But § 1226(c) is not "silent" as to the length of detention. It mandates detention "pending a decision on whether the alien is to the removed from the United States," § 1226(a), and it expressly prohibits release from detention except for narrow, witness-protection purposes. Even if courts were permitted to fashion . . . time limits out of statutory silence, they certainly may not transmute existing statutory language into its polar opposite. The constitutional-avoidance canon does not countenance such textual alchemy.
>
> Indeed, we have held as much in connection with § 1226(c) itself. In *Demore v. Kim*, 537 U.S., at 529, [] we distinguished § 1226(c) from the statutory provision in *Zadvydas* by pointing out that detention under § 1226(c) has "a definite termination point": the conclusion of removal proceedings. As we made clear there, that "definite determination point"—and not some arbitrary time limit devised by the courts—marks the end of the Government's detention authority under § 1226(c).
>
> Respondents next contend that § 1226(c)'s limited authorization for release for witness-protection purposes does not imply that other forms of release are forbidden, but this argument defies the statutory text. By expressly stating that the covered aliens may be released "only if" certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative prohibition on releasing detained aliens under any other conditions.
>
> . . . .
>
> We hold that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings "only if" the alien is released for witness-protection purposes.

138 S. Ct. at 846-47.

11. Petitioner is currently subject to a stay from removal entered by the Second Circuit Court of Appeals. Because she is currently detained pursuant to 8 U.S.C. § 1226(c), she shall remain so detained until such time as the Second Circuit either vacates the stay or issues a final order in her petition for review of the matter. *See Leslie v. Attorney Gen.*, 678 F.3d 265, 268-71

5

(3d Cir. 2012). Section 1226(c) authorizes and mandates detention throughout a petitioner's removal proceedings so long as he is not placed into witness protection. *See Jennings*, 138 S. Ct. at 846-47. Petitioner is only entitled to relief from her ongoing immigration detention pending the conclusion of her proceedings before the Second Circuit if she were to show that the application of the statute to her is unconstitutional under the circumstances. *See, e.g.*, *Dryden v. Green*, No. 18-2686, 2018 WL 3062909, at *3-4 (D.N.J. June 21, 2018).

12. Petitioner's current period of immigration detention has lasted approximately twenty-six months. Once Petitioner filed a petition for review of the final order of the BIA, Petitioner was granted a stay of removal on her case by the Second Circuit, and her petition before the Court of Appeals remains pending. Petitioner's receipt of a stay suggests that her actions amount to a bona fide effort to pursue available legal remedies. *See Leslie*, 678 F.3d at 271.

13. The record does not reflect that Petitioner requested any continuances or delayed her proceedings in anyway. *See Dryden*, 2018 WL 3062909 at *5 (post-*Jennings* opinion denying bond hearing citing to Petitioner's "self-inflicted delays, and the lack of any bad faith or unreasonable action on the part of the Government"). In the absence of any indication of delay tactics on the part of the Petitioner, it appears that her ongoing detention has become so unreasonably long as to amount to a denial of due process. *See Thomas C.A. v. Green*, No. 18-1004, 2018 WL 4110941 (D.N.J. Aug. 29, 2018); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631 (D.N.J. Aug. 7, 2018); *see also Vega v. Doll*, No. 17-1440, 2018 WL 3765431 (M.D. Pa. July 11, 2018) (post-*Jennings* opinions granting bond hearings to § 1226(c) immigration detainees held for fifteen months, nineteen months and twenty-months, respectively). This Court will therefore

6

grant Petitioner's habeas petition and order that an immigration judge provide Petitioner with a bond hearing within ten days.[2]

14. At that hearing, "the Government [will be required] to produce individualized evidence that [Petitioner's] continued detention was or is necessary" to further the goals of § 1226(c)—specifically that Petitioner presents neither a danger to the community nor a flight risk. *See Chavez-Alvarez*, 783 F.3d at 477-78 (3d Cir. 2015). An appropriate Order accompanies this Memorandum Opinion.

> *s/ Esther Salas*
> **Esther Salas, U.S.D.J.**

---

[2] This Court is not authorized to order Petitioner's release as she requests in her petition. The Third Circuit Court of Appeals has repeatedly held that a bond hearing is the appropriate relief for immigration detainees challenging their prolonged detention. *See, e.g.*, *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015).